WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV-14-01887-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Victor Dema's ("Dema") Application for Leave to Proceed in Forma Pauperis (Doc. 2), which the Court will grant. However, as detailed below, the Court will dismiss Dema's Complaint (Doc. 1) for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court will allow Dema leave to file an amended complaint.

**I.   Application for Leave to Proceed In Forma Pauperis**

In Dema's Application for Leave to Proceed in Forma Pauperis, he declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Dema has presented financial information to support his Application. Given Dema's lack of significant income and assets, the Court will grant his Application.

**II.   Screening of In Forma Pauperis Complaint**

    **A.  Legal Standards**

        **i.  28 U.S.C. § 1915(e)(2)**

For cases proceeding in forma pauperis, Congress provided that a district court

"shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all in forma pauperis complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

### ii. Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "In order to assist litigants to understand" this requirement, "Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are 'intended to indicate the simplicity and brevity of statements which the rules contemplate.'" *Kennedy v. Andrews*, CV-05-2692-PHX-NVW, 2005 U.S. Dist. LEXIS 32518, at *2-3 (D. Ariz. Dec. 8, 2005) (*quoting McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996)). Examples of different types of claims are contained in Forms 10 through 21.

The complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry*, 84 F.3d at 1176. Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure

to satisfy Rule 8.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Dismissal of the complaint is appropriate if it is so "verbose, confused, and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969).

### B. Dema's Complaint

Although unclear, it appears that Dema's Complaint challenges previous termination proceedings brought against him by the State of Arizona related to his minor child.  Dema also asserts several allegations against his ex-wife, who was at some point a part of the state termination proceedings, although she is not named as a defendant in this action.  Dema further alleges that the Arizona Department of Economic Security, its psychologist, and other case workers have otherwise committed various violations of state law and other torts in pursing the termination of his parental rights.  Additionally, Dema appears to bring claims against the Superior Court of Arizona, one of its judges, Dema's child's guardian ad litem, the City of Mesa, and two Mesa Police Officers under 42 U.S.C. §§ 1981, 1983, and/or 1985.[1]

Here, Dema's Complaint fails to comply with the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure.  Dema's Complaint is comprised of approximately 236 pages of confusing and conclusory narrative statements rather than specifically enumerated causes of action or identifiable legal theories relating to specific Defendants that support any claim of relief.  Although Dema provides a list of his claims on page three of the Complaint, his verbose, circular, and confusing discussions of his claims throughout the Complaint make it impossible for the Court to discern what specific causes of action he asserts against each Defendant.  Likewise, it is impossible for the Court to determine from the Complaint whether any of the alleged conduct is

---

[1] In 2010, Dema filed an action asserting similar claims against many of the same Defendants.  *See* 10-cv-01194-PHX-GMS.  After screening the Complaint in that action pursuant to 28 U.S.C. § 1915, the Court dismissed all of Dema's claims, except for his claims for excessive force under 42 U.S.C. § 1983 against two Mesa Police Officers. The Court ultimately dismissed the entire action for lack of service.  Dema appears in this action to assert the same excessive force claims against the same two Mesa Police Officers.

sufficient to state a claim over which this Court has jurisdiction. In sum, the Complaint fails to provide a "short and plain statement" of any claim. Accordingly, the Court will dismiss Dema's Complaint in its entirety.[2]

The Court also notes that many of Dema's claims appear to be an appeal of the previous termination proceedings conducted in state court. However, the *Rooker-Feldman* doctrine prohibits this Court from exercising subject matter jurisdiction over such an appeal. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars federal district courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Additionally, to the extent Dema's § 1983 claims against Officers Perez and Standridge are based on the same conduct as Dema alleged in his 2010 action, those claims are now time-barred. *See Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual for § 1983 claims; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action); Ariz. Rev. Stat. § 12-542(1) (two-year statute of limitations for personal injury actions).

**III.  Leave to Amend**

The Court will give Dema an opportunity, if he so chooses, to amend his Complaint to make clear his allegations. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In the amended complaint, Dema must write out, **in short,**

---

[2] In the Complaint, Dema also asserts the legal rights of his minor child, H.R.D. However, based on Dema's allegations that he lost his parental rights, it is unclear whether he has authority to assert claims on behalf of H.R.D. Regardless, H.R.D.'s status as a possible Plaintiff in this action does not affect the analysis as to the Complaint's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

- 4 -

**plain statements**, (1) the rights he believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct.

Dema is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"). Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint by **December 10, 2014**.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **December 10, 2014**, the Clerk shall dismiss this action without further order of this Court.

1     Dated this 10th day of November, 2014.

_____
Honorable John Z. Boyle
United States Magistrate Judge