**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV-14-01887-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Victor O. Dema's Motions to Reinstate Dismissed Action and to Stay Proceeding. (Doc. 9.) As detailed below, the Court will deny Plaintiff's Motions.

**I.   Background**

On August 25, 2014, Plaintiff filed his 233-page Complaint in this action. (Doc. 1.) After granting Plaintiff's Motion to Proceed *In Forma Pauperis*, the Court dismissed Plaintiff's Complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 7.) In its Order, the Court allowed Plaintiff until December 10, 2014 to file an amended complaint and instructed the Clerk of the Court to enter judgment dismissing the action if Plaintiff failed to file an amended complaint by the deadline. Plaintiff did not file an amended complaint by the December 10, 2014 deadline. Accordingly, the Clerk terminated this action on December 11, 2014.

On December 18, 2014, Plaintiff filed his pending Motions to Reinstate Dismissed Action and to Stay Proceeding. (Doc. 9.) Plaintiff requests the Court reinstate and stay

the dismissed action because the "[C]ourt in its last order to amend complaint erroneously conceived that Plaintiff/Father was involved in state court 'termination proceeding[s].'" (Doc. 9 at 1.) Plaintiff further asserts that "there is the likelihood of the Plaintiff's reunification following their six years separation by above defendants which may require major Amendment of their complaint in order to conform to ongoing changes in new facts and circumstances, such as voluntary dismissal of section 1983 injunctive and prospective relief claim." (*Id.*)

**II.  Analysis**

The Court construes Plaintiff's Motion "to Reinstate Dismissed Action" as a Motion filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991). The Court has discretion to grant or deny a motion for reconsideration filed under Rule 59(e) or Rule 60(b). *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. Under Rule 60(b):

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

      Here, Plaintiff fails to provide any basis for relief under Rule 59(e) or 60(b). Although Plaintiff asserts that there are "new circumstances" in his case—that he may be reunited with his child—such circumstances, even if true, do not excuse his previous failure to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure. Further, the Court dismissed this action based on Plaintiff's failure to file an amended complaint by the December 10, 2014 deadline. In his pending Motion, Plaintiff fails to provide any justification for his failure to file an amended complaint other than his speculation that "new circumstances" may require amendment at some future time, including dismissal of Plaintiff's 1983 claim for injunctive relief. Accordingly, the Court will deny Plaintiff's Motion to Reinstate Dismissed Action. The Court will also deny Plaintiff's Motion to Stay Action as moot.

      Accordingly,

      **IT IS ORDERED** that Plaintiff's Motions to Reinstate Action and to Stay Action (Doc. 9) are denied.

      Dated this 6th day of January, 2015.

Honorable John Z. Boyle
United States Magistrate Judge